BLD-173                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1864
_____

JEAN COULTER,
                                        Appellant,

v.

THOMAS J. DOERR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 11-cv-01201)
District Judge: Cathy Bissoon

_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 3, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed: May 30, 2012)
_____

OPINION
_____

PER CURIAM

     Appellant Jean Coulter appeals the order of the District Court dismissing her

amended civil rights complaint.  For the reasons that follow, we will affirm.

Coulter pleaded nolo contendere to one count of aggravated assault, a second degree felony, on May 11, 2007 in the Butler County Court of Common Pleas. The victim of the assault was Coulter's minor daughter. The trial court, the Honorable William R. Shaffer, imposed a term of imprisonment of 15-30 months, to be followed by 36 months of probation. Just prior to Coulter's release from prison, the Commonwealth filed a motion with the trial court to have a condition placed on her probation that she have no contact in any form with her daughter while on probation, in view of the fact that the Commonwealth was seeking to involuntarily terminate her parental rights altogether. On February 2, 2010, and following a hearing, the trial court granted the Commonwealth's motion and imposed the "no contact" condition. The Pennsylvania Superior Court, on February 25, 2011, decided and rejected Coulter's appeal from the order imposing the "no contact" condition.

Meanwhile, Coulter's parental rights were terminated on January 11, 2011 following a hearing in Orphans Court presided over by the Honorable Thomas J. Doerr, President Judge of the Court of Common Pleas of Butler County, see In re: Adoption of A.C., No. O.A. 57 of 2007. The involuntary termination trial took place in 2010, and, at the end of the trial, Judge Doerr found that Coulter's parental rights should be terminated. The Superior Court affirmed on March 30, 2011, and the state supreme court denied review on July 14, 2011, and reconsideration on August 11, 2011.

At issue in this appeal, on September 19, 2011, Coulter filed a pro se civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District against President Judge Thomas J. Doerr in his individual capacity. Coulter claimed that

2

Judge Doerr acted outside his jurisdiction and violated her fundamental rights as a parent when he presided over a "permanency review" hearing in September, 2009 and "sentenced" her to a term of probation that included a condition that she have no contact with her daughter for the full length of the term of probation. Coulter demanded unspecified damages. Judge Doerr moved to dismiss Coulter's amended complaint, Fed. R. Civ. Pro. 12(b)(6), on the ground that he is absolutely immunized from a suit for damages. Coulter responded that the doctrine of absolute immunity did not apply because Judge Doerr had acted in a corrupt and extra-judicial manner. The Magistrate Judge filed a Report and Recommendation, in which he recommended that the amended complaint be dismissed. Coulter filed Objections to the report. In an order entered on February 28, 2012, the District Court granted Judge Doerr's motion and dismissed the amended complaint.

Coulter appeals. We have jurisdiction under 28 U.S.C. § 1291. Judge Doerr has filed a motion for summary affirmance, which Coulter has opposed in writing. Coulter also has filed a motion seeking sanctions against Judge Doerr's attorney and an investigation into the Magistrate Judge's alleged bias.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). A motion to dismiss should be granted if the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks

3

for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, the District Court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, including items that are integral to or explicitly relied upon in the complaint. In re Rockefeller Center Properties, Inc. Securities Litig., 184 F.3d 280, 287 (3d Cir. 1999). A court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

Coulter's amended complaint was properly dismissed. Judges are absolutely immunized from a civil rights suit for money damages arising from their judicial acts. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). Further, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 357 (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). As a threshold matter, Judge Doerr did not "sentence" Coulter to a term of probation with a "no-contact" order as a condition of probation. It was Judge Shaffer who, in presiding over her criminal case, imposed a "no contact" order in February, 2010 as a condition of her probation. Moreover, Judge Doerr's actions in Coulter's dependency and termination cases were neither "corrupt" nor "extra-judicial."

Pennsylvania's Judicial Code provides that "the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings…." 42 Pa. Cons. Stat. Ann. § 931(a). If, as Coulter alleges, Judge Doerr issued a "no-contact" order in September, 2009 and thus prior to the one issued by Judge Shaffer, Judge Doerr did not act in the clear absence of all jurisdiction in doing so in a dependency proceeding. (The termination proceeding had not been scheduled.) The act alleged in Coulter's amended complaint is a function normally performed by a state court trial judge, and there is no suggestion that the parties dealt with Judge Doerr other than in his judicial capacity. See Mireles, 502 U.S. at 9; Stump, 435 U.S. at 355-56. Accordingly, Coulter is not entitled to money damages from Judge Doerr, and, to the extent that she is seeking injunctive relief, her claim is barred because section 1983 provides that injunctive relief shall not be granted, with certain exceptions not relevant here, in an action brought against a judge who has acted in his judicial capacity. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006).

For the foregoing reasons, we will grant the appellee's motion and summarily affirm the order of the District Court dismissing the amended complaint. Coulter's motion for sanctions and an investigation, and petition for a change in venue, are both denied. There is no evidence on this record that the Magistrate Judge was anything other than completely fair and impartial. Cf. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (party's displeasure with legal rulings does not form an adequate basis for recusal). This Court declines to recuse.