**ALD-077**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3685
_____

JEAN COULTER, Appellant

v.

MARY SUZANNE RAMSDEN; STEPHANIE
ANDERSON; RAPHAEL, RAMSDEN & BEHERS;
DENNIS MCCURDY; THOMAS DOERR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 12-cv-00978)
District Judge: Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 28, 2012
Before:  SLOVITER, VANASKIE and WEIS, Circuit Judges

(Opinion filed:  January 16, 2013)
_____

OPINION
_____

PER CURIAM.

    Appellant Jean Coulter appeals the District Court's order dismissing her civil

rights complaint.  For the reasons that follow, we will summarily affirm.

Coulter filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against Mary Suzanne Ramsden, the law firm of Raphael, Ramsden and Behers, Stephanie Anderson, Dennis McCurdy, counsel to Butler County Children and Youth Services, and the Honorable Thomas J. Doerr, President Judge of the Court of Common Pleas of Butler County. Coulter paid the filing fee. There is no indication from the civil docket or the complaint that she arranged for service of the complaint on the defendants.

Coulter claimed that Ramsden and Anderson, her attorneys, violated her constitutional due process rights by performing deficiently at her involuntary termination proceeding in the Butler County Court of Common Pleas. In the main, Coulter claimed that Ramsden and Anderson failed to prepare witnesses, failed to file certain motions she wanted filed, failed to prepare her to testify, failed to adequately cross-examine witnesses, and failed to object to certain inadmissible evidence. Coulter alleged that McCurdy presented facts at the hearing he knew to be false and Ramsden failed to object. Coulter further alleged that Judge Doerr was extremely biased against her and gave too many advantages to the opposing side, and that he and Ramsden were close personal friends who conspired to steal her child. Coulter sought $1,000,000,000 in money damages.

The Magistrate Judge filed a Report and Recommendation, recommending summary dismissal of the complaint for lack of subject matter jurisdiction. Coulter submitted objections, clarifying that she was alleging the existence of a civil rights conspiracy involving Ramsden, McCurdy and Judge Doerr to deprive her of her right to

2

her child, and she asserted that McCurdy and Judge Doerr had recruited Ramsden to join their conspiracy. Coulter also alleged that the Magistrate Judge was extremely biased, and had failed utterly to allow her to amend her complaint.

In response, the Magistrate Judge submitted an Amended Report and Recommendation, again recommending that Coulter's complaint be summarily dismissed without leave to amend for lack of subject matter jurisdiction. The Magistrate Judge reasoned that, even if Coulter had successfully alleged the denial of a constitutional right, she had not successfully alleged that the deprivation was accomplished by state action. Ramsden, Anderson, the Ramsden law firm, and McCurdy are not state actors, the Magistrate Judge concluded, and thus cannot be sued under section 1983. The allegation that these private actors conspired with Judge Doerr was insufficient to state a claim for relief under our decision in Great Western Mining and Mineral Co. v. Fox Rothschild, LLP, 615 F.3d 159, 176 (3d Cir. 2010), cert. denied, 131 S. Ct. 1798 (U.S. 2011). Judge Doerr, although a state actor, was absolutely immunized from a suit for damages. Last, the Magistrate Judge concluded that it would be futile to allow Coulter to amend her complaint in order to pursue her frivolous allegations of a civil rights conspiracy.

Coulter submitted objections to the Amended Report and Recommendation and moved to remove the Magistrate Judge from her case. She reiterated the allegations in her complaint, but also argued that McCurdy was in fact a state actor. The District Court, in an order entered on August 21, 2012, dismissed the complaint and denied the motion to remove the Magistrate Judge. In the margin, the District Court warned Coulter that, by

3

filing actions she knew to be abusive, harassing or meritless, she was exposing herself to the possibility of sanctions under Federal Rule of Civil Procedure 11.

Coulter appeals. We have jurisdiction under 28 U.S.C. § 1291. The parties were advised that we might act summarily to dispose of the appeal, and were invited to submit argument in writing. Coulter has submitted a summary action response, which we have considered. She has also filed a petition for permission to file supporting evidence in the form of the record from the involuntary termination proceeding. We will grant this motion because this record was previously before the Court in another of Coulter's appeals, see Coulter v. Doerr, 2012 WL 1941594, at *2 (3d Cir. 2012).[1]

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over Rule 12(b)(1) and (6) dismissals. See In re: Kaiser Group International Inc., 399 F.3d 558, 560 (3d Cir. 2005) (Rule 12(b)(1)); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)). We "are free" to affirm the judgment "on any basis which finds support in the record." Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980). Dismissal under Fed. R. Civ. Pro. 12(b)(6) is

---

[1] In that prior appeal, we noted that Coulter pleaded nolo contendere to one count of aggravated assault on May 11, 2007 in the Butler County Court of Common Pleas. See id. at * 1. The victim of the assault was Coulter's minor daughter. Coulter was sentenced to a term of imprisonment of 15-30 months, to be followed by 36 months of probation. Coulter's parental rights were terminated on January 11, 2011 following a hearing in Orphans Court presided over by Judge Doerr, see id. (citing In re: Adoption of A.C., No. O.A. 57 of 2007). The involuntary termination trial took place in 2010. Judge Doerr ruled that Coulter's parental rights should be terminated, the Superior Court affirmed on March 30, 2011, and the state supreme court denied review on July 14, 2011, and reconsideration on August 11, 2011.

4

proper where the complaint fails to state a claim upon which relief can be granted, such as where the defendants are immune from suit. It is also proper where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Notwithstanding the reference to lack of subject matter jurisdiction, in fact Coulter's complaint was dismissed on the basis of immunities and because she was unable to plead enough facts to state a claim to relief that was plausible on its face. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678; Fed. R. Civ. Pro. 12(b)(6).

The plaintiff in a section 1983 action must allege that the defendants are state actors. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982). Coulter concedes that Ramsden, Anderson and Ramsden's law firm are not state actors. She noted correctly that liability would attach if a private party conspired with a state actor, Dennis v. Sparks, 449 U.S. 24, 27-28 (1980), but the District Court properly concluded that her vague allegations of a conspiracy to terminate her parental rights in violation of due process did not satisfy the plausibility standard, see Iqbal, 556 U.S. at 678. To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). See also Great Western Mining, 615 F.3d at 176 (following Twombly and Iqbal, the plaintiff must assert enough facts from which an agreement may be inferred).

5

The allegations in Coulter's complaint are conclusory and insufficient to suggest that a conspiratorial agreement existed among the defendants. In Dennis, the plaintiffs alleged that the private actors had bribed the state court judge to cause him to issue a ruling in their favor. 449 U.S. at 28. The act of bribery by the private parties was sufficient to state a claim of an unconstitutional conspiracy. Coulter's complaint contains no similar allegations of specific conduct by her attorneys. Rather, she merely alleged that Ramsden's and Anderson's performance at her hearing was so deficient that "the extremely biased Judge was able to make all determinations by himself." Complaint, at 14. These assertions are insufficient to show the existence of an agreement. Coulter's bald assertion in the objections she filed on July 27, 2012 that Judge Doerr and McCurdy "recruited" Ramsden to join their conspiracy and that "it is readily apparent that Ramsden's [inaccurate view] that Coulter is Lesbian came directly from her co-conspirators" is also insufficient to show the existence of an agreement.

We have also fully considered Coulter's summary action response, but we are unpersuaded by her assertions, including the assertion that she was tricked into testifying, that Coulter's attorneys entered into any conspiratorial agreement with state actors to deprive her of her parental rights. The allegations in the complaint against her attorneys amount to nothing more than assertions of professional negligence. Cf. White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990) (medical malpractice is not a constitutional tort and does not give rise to a section 1983 claim). Accordingly, the section 1983 suit may not proceed against Ramsden, Anderson, and Ramsden's law firm. Judge Doerr, a state actor, is absolutely immunized from a suit for money damages arising from his

6

judicial acts in the involuntary termination proceeding, Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978), as we previously explained, see Coulter, 2012 WL 1941594, at *2 ("Judge Doerr's actions in Coulter's dependency and termination cases were neither 'corrupt' nor 'extra-judicial.'"). It is clear from the involuntary termination proceeding transcript, which Coulter has brought to our attention, that McCurdy prosecuted the proceeding on behalf of Butler County and thus engaged in state action, but, as a prosecutor, he is absolutely immunized from a suit for money damages, Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976).

Last, a formal amendment to the complaint was unnecessary, because the objections Coulter filed on July 27, 2012 served the same purpose as an amendment in that Coulter used them to cure the defects in her complaint. See generally Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 454 (3d Cir. 1996) (if amendment will cure defects in complaint, it must be permitted). After Coulter clarified her cause of action, it then was clear that a formal amendment would be futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), because of the insufficient factual assertion of the existence of a conspiratorial agreement.

In addition, we reject as meritless Coulter's renewed attacks on the impartiality of the Magistrate Judge. See Coulter, 2012 WL 1941594, at *3. See also Liteky v. United States, 510 U.S. 540, 550-51 (1994) (judge is not recusable for bias or prejudice where his knowledge and negative opinion were acquired during the course of proceedings). Moreover, although the Magistrate Judge initially acted quickly to dismiss Coulter's complaint, she, having paid the filing fee, was responsible for service of the complaint on

7

the defendants.  See Fed. R. Civ. Pro. 4(c)(1) (plaintiff responsible for having summons and complaint served on defendants within time allowed by Rule 4(m)).  She made no request for service by the United States marshal, even though she had ample time to do so prior to the dismissal of her complaint by the District Court.  See id. at Rule 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The court must so order if the plaintiff is authorized to proceed in forma pauperis….").  Furthermore, because Coulter did not arrange for service of her complaint as required by Rule 4, the District Court's sua sponte dismissal of the complaint for failure to state a claim for relief does not run counter to our decision in Oatess v. Sobolevitch, 914 F.2d 428 (3d Cir. 1990).

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the complaint.  Appellant's petition for permission to file supporting evidence is granted.