DLD-089                                          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 12-3931
_____

JEAN COULTER,
                                        Appellant

v.

BUTLER COUNTY CHILDREN AND YOUTH SERVICES;
JOYCE G. AINSWORTH; CHARLES L. JOHNS;
ROCHELLE GRAHAM; GARY D. ALEXANDER;
ROSEANN PERRY; ELAINE BOBICK; MICHAEL J.
KAZMER; MICHAEL NUZZO; DENNIS MCCURDY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 12-cv-00338)
District Judge: Honorable Cathy Bissoon
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 17, 2013

Before:   AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed:  January 31, 2013)
_____

OPINION
_____

PER CURIAM

      Appellant Jean Coulter appeals the District Court's order dismissing her amended

complaint.  For the reasons that follow, we will summarily affirm.

Coulter filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Western District of Pennsylvania against Butler County Children and Youth Services ("CYS"); four of its employees, Joyce Ainsworth, Rochelle Graham, Charles L. Johns and Dennis McCurdy; and five individual employees of the Pennsylvania Department of Public Welfare: Gary D. Alexander, Elaine Bobick, Michael J. Kazmer, Michael Nuzzo and Roseann Perry. Coulter alleged that the defendants violated her due process rights when they withheld mental health treatment records relating to her minor daughter during proceedings in the Butler County Court of Common Pleas to terminate her parental rights.

In her amended complaint, Coulter asserted that, when her daughter was in foster care, she required mental health treatment for suicidal ideation. CYS employees did not tell Coulter about the treatment, which had occurred in the Spring of 2008, and concealed the records to Coulter's detriment when she was defending against the involuntary termination proceedings. Coulter contended that, had the mental health records been timely released, she would have been able to show, among other things, that defendant Graham committed perjury at the involuntary termination proceedings. In essence, Coulter claimed in her amended complaint that she was entitled to disclosure of her minor daughter's mental health treatment records, and that the failure of CYS to timely disclose those records rendered the involuntary termination proceedings unfair. In support of her argument that her claim involved federal rights, Coulter, in addition to invoking the Due Process Clause, also relied upon Brady v. Maryland, 373 U.S. 83 (1963). Coulter sought $100 million in money damages.

2

The defendants moved in two groups to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Once the motions were ripe for disposition, the Magistrate Judge filed a Report and Recommendation, in which he recommended that the amended complaint be dismissed for failure to state a claim for relief. As a threshold matter, the Magistrate Judge noted that the CYS defendants had submitted with their brief, among other records, the January 11, 2011 Opinion and Order of the Honorable Thomas J. Doerr of the Butler County Court of Common Pleas terminating Coulter's parental rights. The Magistrate Judge determined that the public records concerning Coulter's criminal prosecution for child abuse and the records of the involuntary termination proceedings could be considered without converting the motions to dismiss into motions for summary judgment, citing Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). In addition, the Magistrate Judge took note of the decision of the Pennsylvania Superior Court denying Coulter's appeal of the termination of her parental rights and the order of the state supreme court denying her petition for allowance of appeal.

In determining whether Coulter's amended complaint stated a claim for relief, the Magistrate Judge noted that the involuntary termination of parental rights is governed by state law, 23 Pa. Cons. Stat. Ann. § 2511. The Magistrate Judge then thoroughly reviewed the overwhelming evidence of abuse as found by Judge Doerr in In re: Adoption of A.C., No. O.A. 57 of 2007, following a seven-day hearing at which Coulter was represented by counsel. Citing Matthews v. Eldridge, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."), the Magistrate Judge concluded that

Coulter had failed to state a claim for a violation of procedural due process. With respect to Coulter's Brady claim, the Magistrate Judge concluded that the allegedly withheld evidence must be material to the defense, and evidence is material only "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433–34 (1995). Because the evidence supporting the determination that Coulter's parental rights should be terminated was plentiful, the mental health treatment records would not have changed the outcome. To the extent Coulter was alleging a substantive due process violation, the Magistrate Judge concluded that the state's interest in protecting abused children would necessarily outweigh Coulter's rights as a parent, and that any failure by the defendants to disclose the mental health treatments records was not so ill-conceived or malicious that it shocked the conscience, see Miller v. City of Philadelphia, 174 F.3d 368, 373 (3d Cir. 1999). The Magistrate Judge also denied Coulter's request for discovery.

Coulter filed Objections to the Report and Recommendation, and petitioned for recusal of both the Magistrate Judge and District Judge and requested a change of venue. In an order entered on September 13, 2012, the District Court overruled the objections, denied the petition for recusal, approved and adopted the Report and Recommendation, and dismissed the Amended Complaint. The District Court wrote separately to address two specific concerns. First, the court explained that the Magistrate Judge's misstatement of the law concerning the effect of a nolo contendere plea under state law was harmless, observing that the state court based its decision to terminate Coulter's parental rights on multiple independent factual and legal conclusions, none of which stemmed from her

4

plea. In fact, the state court had explicitly disregarded the plea. Second, the District Court determined that, not only was recusal and transfer unwarranted, Coulter herself was subject to sanctions if she did not discontinue the filing of abusive and baseless motions in federal court. The court noted that the instant civil action was one of seven filed by Coulter in federal court in connection with the state court involuntary termination proceedings, and that the actions had become duplicative and harassing. The court warned Coulter that, if she persisted, she would be enjoined from filing any further duplicative actions without first obtaining leave of court.

Coulter appeals. We have jurisdiction under 28 U.S.C. § 1291. The parties were advised that we might act summarily to dispose of the appeal, and were invited to submit argument in writing. Coulter has submitted a summary action response, which we have considered. Coulter has attached to her summary action response numerous exhibits relating to the dependency and termination proceedings in state court (and thus has waived any objection she may have had to the Magistrate Judge's reliance upon those or any similar records).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. We exercise plenary review over Rule 12(b)(6) dismissals. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (Rule 12(b)(6)). Dismissal under Fed. R. Civ. Pro. 12(b)(6) is proper where the complaint fails to state a claim upon which relief can be granted, such as where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted

5

unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). No substantial question is presented by this appeal. The Magistrate Judge and District Court correctly analyzed and decided the issues raised by Coulter's amended complaint.

To bring an action under section 1983, a plaintiff must establish the deprivation of a federal constitutional right. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-38 (1982). The Magistrate Judge correctly determined that Coulter failed to make out a claim of federal procedural due process with regard to her allegation that the defendants wrongfully withheld her daughter's 2008 mental health treatment records. The Magistrate Judge properly considered these Matthews factors – Coulter's private interest in retaining her parental rights, the risk of an erroneous deprivation of that interest through the procedures used, and the probative value of additional procedural safeguards in the form of timely disclosure of the mental health records, see Miller, 174 F.3d at 373, and also properly weighed and considered that Pennsylvania's involuntary termination statute, 23 Pa. Cons. Stat. Ann. § 2511(a)(9)(ii), authorizes the Commonwealth to terminate parental rights where, as here, the parent has been convicted of aggravated assault, in violation of 18 Pa. Cons. Stat. Ann. § 2702, with the child as the victim. The Magistrate Judge reviewed the Commonwealth's burden in termination proceedings, which includes proving that the parent's conduct warrants termination by clear and convincing evidence, see In re: R.I.S., 36 A.3d 567, 572 (Pa. Super. Ct. 2011).

As explained by the Magistrate Judge, the record establishes that Coulter had ample time to prepare for the termination proceedings, she received a seven-day hearing at which she was represented by counsel, and she received full appellate review in the state courts. In short, she had ample procedural due process. Her contention that her

6

federal procedural due process rights were violated because she was denied access to certain of her daughter's mental health treatment records does not state a claim for relief where she has failed utterly to plead facts to show that the contents of those records had any relevance to the issues before the court in determining whether her parental rights should be terminated. See Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 678. We further agree that Coulter's substantive due process rights were not violated.

Last, although we agree with the Magistrate Judge's materiality analysis, we doubt whether Brady v. Maryland applies to state court proceedings to terminate parental rights. Brady addresses the circumstance where "a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured." 373 U.S. at 86 (quoting Mooney v. Holohan, 294 U.S. 103, 122 (1935)). It demands that the State disclose evidence it may have in its possession that is probative of innocence (such as a codefendant's confession). In termination proceedings, in contrast, the issue is not whether a person is innocent of a crime but whether a person has failed to perform her parental duties and was unable to remedy the conditions causing her incapacity, and whether termination would best serve her child's needs and welfare, see In re: T.D., 949 A.2d 910, 915-16 (Pa. Super. Ct. 2008). The defendants here did not charge Coulter with a crime.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing the amended complaint as to all of the defendants.