**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4464
_____

JEAN COULTER,
                                        Appellant,

v.

CHRISTINE STUDENY; OFFICE OF THE BUTLER
COUNTY DISTRICT ATTORNEY; JEREMY
STEWART; DENNIS HOERNER; THOMAS FORREST;
THOMAS EIDENMULLER; WILLIAM R. SHAFFER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 12-cv-00060)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2013

Before:  SMITH, CHAGARES and SHWARTZ, Circuit Judges

(Opinion filed: June 10, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Jean Coulter appeals from an order of the District Court dismissing her amended complaint.  For the following reasons, we will affirm.

The instant civil rights action, 42 U.S.C. § 1983, is one of many filed by Coulter in federal court challenging the validity of a condition of her probation that she have no contact with her minor daughter and a state court determination involuntarily terminating her parental rights, see generally Coulter v. Doerr, 486 Fed. Appx. 227 (3d Cir. 2012); Coulter v. Ramsden, 2013 WL 163970 (3d Cir. January 16, 2013); Coulter v. Butler County Children & Youth Serv., 2013 WL 363491 (3d Cir. January 31, 2013).[1]  In this action, Coulter sued Assistant District Attorney Christine Studeny and the Office of the Butler County District Attorney; Jeremy Stewart, Dennis Hoerner, Thomas Forrest and Thomas Eidenmuller of the Pennsylvania Board of Probation and Parole; and the Honorable William R. Shaffer, who presided over Coulter's criminal proceedings in the Butler County Court of Common Pleas.

After Coulter filed an amended complaint, the defendants moved to dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Magistrate Judge filed a Report and Recommendation, recommending dismissal of the amended complaint.  After Coulter submitted her objections to the report, the District Court, in an order entered on October 12, 2012, dismissed the amended complaint under Rule 12(b)(6).  The District Court then denied Coulter's motion for reconsideration and for recusal in an order entered on November 8, 2012.

---

[1] Coulter pleaded nolo contendere to one count of aggravated assault on May 11, 2007 in the Butler County Court of Common Pleas. See Coulter, 486 Fed. Appx. at 227-28.  The victim of the assault was Coulter's minor daughter.  Coulter was sentenced by Judge William Shaffer to a term of imprisonment of 15-30 months, to be followed by 36 months of probation.  As a special condition of her probation, Coulter was precluded by Judge Shaffer from having any contact with her daughter.  Coulter's parental rights were terminated on January 11, 2011 following a hearing in Orphans Court presided over by Judge Thomas Doerr, see id. (citing In re: Adoption of A.C., No. O.A. 57 of 2007).  Coulter was released from prison on January 25, 2010, after serving her maximum sentence, and began serving her term of probation.  Although the instant action was filed while Coulter was still on probation, we note that her probation would have expired on or about January 25, 2013.

Coulter appeals.  We have jurisdiction under 28 U.S.C. § 1291.  In her brief on appeal Coulter challenges the order dismissing her amended complaint for failure to state a claim upon which relief may be granted, and the order denying her motion to recuse.

We will affirm.  We exercise plenary review over a Rule 12(b)(6) dismissal.  See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001).  We "are free" to affirm the judgment "on any basis which finds support in the record."  Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).  Dismissal Rule 12(b)(6) is proper where the complaint fails to state a claim upon which relief can be granted, such as where the defendants are immune from suit.  It is also proper where the plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Conclusory allegations are insufficient to survive a motion to dismiss.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

In her amended complaint, Coulter alleged that just before she was released from prison Stewart imposed a sentence on her by forbidding her from residing in Philadelphia while she was on probation.  See Amended Complaint, at ¶ 9.  On January 26, 2010, she met with Hoerner and Forrest, who imposed another "new" sentence by adding other conditions to her probation.  See id. at ¶12.  She stated: "Hoerner and Forrest went on to explain that they had been in touch with Studeny and Shaffer."  Id.  On January 28, 2010, she wrote to Eidenmuller to inform him of the actions of his subordinates and request his assistance, but he took no action.  See id. at ¶ 16.  Coulter stated that "it appears highly likely that Shaffer (perhaps acting

3

with Studeny), 'master-minded' the crimes committed against Coulter, and **perhaps** duped Defendants Stewart, Hoerner and Forrest into being their 'front men' in this case." Id. at ¶ 17) (emphasis in original). Judge Shaffer was alleged to have held a hearing after-the-fact that "de-criminalized" the actions of Hoerner, Forrest, and Stewart. Id. Coulter sought $100 million in damages and injunctive relief.

Coulter's amended complaint properly was dismissed in its entirety under Rule 12(b)(6). Judge Shaffer is absolutely immunized from a suit for money damages arising from his judicial acts in connection with the conditions of Coulter's probation, including his imposition of the "no-contact" order. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 355–56 (1978). Assistant District Attorney Studeny is absolutely immunized from a suit for money damages arising from her prosecutorial acts in connection with the conditions of Coulter's probation. Imbler v. Pachtman, 424 U.S. 409, 422–23 (1976). The amended complaint contains no allegations that the District Attorney's Office initiated a plan, policy or custom that violated Coulter's constitutional rights, and thus this defendant properly was dismissed as well. Monell v. Dep't of Social Services of City of New York, 436 U.S. 658 (1978).

Coulter's vague allegations of a conspiracy between Judge Shaffer and Studeny on the one hand and the probation defendants on the other, to unlawfully impose conditions on her probation, do not satisfy the plausibility standard, see Iqbal, 556 U.S. at 678, because, to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred. D.R. by L.R. v. Middle Bucks Area Vocational

4

Tech. Sch., 972 F.2d 1364, 1377 (3d Cir.1992). No agreement can be inferred from the conclusory allegations in Coulter's amended complaint.

Similarly, Coulter's allegations that Stewart, Hoerner and Forrest imposed conditions on her probation that amounted to new or additional sentences are insufficient to state a claim for relief. The no-contact order was imposed by Judge Shaffer, not by the probation defendants. The curfew that ran from 10:00 p.m. until 6:00 a.m., and the requirements to avoid anyone with a drug problem and to undergo a psychological evaluation, are also conditions imposed by the court, as established by the criminal records attached to the probation defendants' motion to dismiss. See Pension Benefit Guaranty Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d (Cir. 1993) (court may consider matters of public record in deciding motion to dismiss). And, although Coulter alleges that she was initially required to reside in Butler County, and that this was not a court-ordered condition of probation, she failed to show that this temporary restriction rose to the level of a constitutional violation of any kind. See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011) (dismissal of complaint proper where pleader fails to allege facts sufficient to raise right to relief above speculative level). Coulter states in her brief on appeal that she was able to get this condition lifted and she then moved to Philadelphia. See Appellant's Brief, at 8. Moreover, the record does not suggest that Coulter was ever charged with, or convicted of, violating the conditions of her probation. The amended complaint properly was dismissed as to probation supervisor Eidenmuller because liability under 42 U.S.C. § 1983 cannot be imposed on a supervisor on the basis of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

5

Last, there was no basis for the recusal of either the District Court or the Magistrate Judge.  We have previously rejected Coulter's attacks on the impartiality of the Magistrate Judge, see Coulter, 486 Fed. Appx. at 229; Coulter, 2013 WL 163970, at * 4, and we do so again here.  Coulter's attack on the impartiality of the District Court is also completely lacking in merit.

For the foregoing reasons, we will affirm the orders of the District Court dismissing Coulter's amended complaint and denying her motion to recuse.  The motions to summarily affirm filed by some of the appellees are granted.  Appellant's motion to strike and motion for sanctions are denied.  Appellant's emergency petition for change of venue/recusal is denied.