DLD-153                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1556
_____

JEAN COULTER,
                                        Appellant

v.

THOMAS FORREST; DENNIS HOERNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 12-cv-02050)
District Judge:  Honorable John E. Jones III
_____

Submitted on Appellees' Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 2, 2015

Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 8, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Jean Coulter appeals the District Court's order dismissing her civil rights complaint. For the reasons below, we will grant the Appellees' motion for summary affirmance.

The procedural history of this case and the details of Coulter's claims are well known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, Coulter pleaded nolo contendere to the aggravated assault of her daughter. She was sentenced to 30 months in prison and 36 months of probation. A subsequent state court proceeding resulted in the termination of Coulter's parental rights. Coulter has filed a series of unsuccessful civil rights complaints against those involved in the termination of her parental rights and setting the conditions of her probation.

In October 2012, Coulter filed the complaint at issue here. She alleged that Appellees fraudulently imposed additional conditions to her sentence of probation and provided false information to a mental health evaluator who testified at the termination hearing. This evaluator's testimony purportedly caused the state court to terminate her parental rights which violated her rights as a parent, her right to due process, and her rights under the First and Eighth Amendments.

Appellees filed a motion to dismiss, arguing that Coulter had failed to state a claim upon which relief could be granted. After Coulter filed an amended complaint, Appellees again moved for dismissal. The Magistrate Judge recommended that the complaint be dismissed on the grounds that it was barred by res judicata. The District Court adopted

the Report and Recommendation and dismissed the complaint. After the District Court denied her motion for reconsideration, Coulter filed a notice of appeal.

We have jurisdiction under 8 U.S.C. § 1291 and review the District Court's order granting the motion to dismiss de novo. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

In her brief, Coulter contends that her challenge to the Appellees' imposition of conditions of probation is no longer relevant. The only allegation she presses on appeal is that the Appellees intimidated an evaluator into altering a report and testimony to assist Coulter's opponents in the termination proceeding. She contends that before their involvement, the evaluator's report was beneficial to Coulter. She asserts that the altered testimony influenced the state court's decision to terminate her parental rights.

Failure to state a claim

In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

As noted above, Coulter claims that the Appellees violated her due process rights with respect to the state court termination of her parental rights. In a previous lawsuit, Coulter argued that during the termination proceedings she was denied documents related

3

to the mental health treatment of her daughter and this violated her due process rights.

We summarily affirmed the District Court's dismissal of her complaint.

> As explained by the Magistrate Judge, the record establishes that Coulter had ample time to prepare for the termination proceedings, she received a seven-day hearing at which she was represented by counsel, and she received full appellate review in the state courts. In short, she had ample procedural due process. Her contention that her federal procedural due process rights were violated because she was denied access to certain of her daughter's mental health treatment records does not state a claim for relief where she has failed utterly to plead facts to show that the contents of those records had any relevance to the issues before the court in determining whether her parental rights should be terminated.

Coulter v. Butler Cnty. Children & Youth Servs., 512 F. App'x 145, 148 (3d Cir. 2013).

In her current complaint, Coulter similarly fails to meet the pleading standard: she sets forth only conclusory allegations and has failed to plead facts to show that the allegedly altered testimony or report had any relevance to the state court's decision. She does not point to any specific statements that were inaccurate or altered—she has not submitted the report or testimony—and does not contend that she did not have the opportunity to rebut these statements during the termination proceeding. She does not even name the evaluator she called to testify whom the Appellees purportedly misled – she called

4

several experts during the proceedings.[1]  She does not explain how the alleged alterations affected the state court's decision to terminate her parental rights.

In its opinion,[2] the state court focused on the daughter's credible testimony of Coulter's physical and sexual abuse, Coulter's insincerity and evasiveness during her testimony, and her failure to accept responsibility for the abuse.  The court observed that Coulter refused to cooperate with Children & Youth Services (CYS) and failed to complete programs to assist her in providing a safe and stable environment for her daughter.  Thus, it was not the Appellees' actions that led to the termination of Coulter's rights; rather, it was her own.

Coulter did not set forth sufficient factual allegations to state a claim of the denial of due process.  While Coulter's relationship with her daughter was likely entitled to First Amendment protection, see Rode v. Dellarciprete, 845 F.2d 1195, 1204 (3d Cir. 1988), her parental rights were lawfully terminated.  While Coulter's abuse of her daughter was the basis of her aggravated assault conviction as well as a factor in the termination of her

---

[1] The state court noted that two experts called by Coulter—Drs. Bernstein and Schachner—were given records from Coulter's criminal case and notes from Children & Youth Services.  It concluded that these documents were not appropriate sources and gave little weight to the doctors' opinions.  The court found Coulter's psychologist, Laurie M. Donaldson, to be credible, while noting that her cross-examination by CYS was extremely probative.  The testimony and opinions of Dr. Burstein, a psychiatrist called by Coulter, were rejected by the state court because they were based on Coulter's self-reporting and not facts supported by the evidence.  As discussed herein, any alleged misleading of these experts did not contribute significantly to the state court's determination to terminate Coulter's parental rights.

[2]  In determining whether Coulter has stated a claim, we may consider matters of public record which are integral to the claim.  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

parental rights, the termination was not punishment for the conviction. Thus, the termination did not constitute cruel and unusual punishment under the Eighth Amendment. The focus of the termination proceedings was the welfare of Coulter's daughter. As we noted in our prior opinion, "[i]n termination proceedings . . . the issue is not whether a person is innocent of a crime but whether a person has failed to perform her parental duties and was unable to remedy the conditions causing her incapacity, and whether termination would best serve her child's needs and welfare." Coulter v. Butler Cnty. Children & Youth Servs., 512 F. App'x at 148-49. Coulter has failed to state a claim for relief, and the District Court did not err in dismissing her complaint.

Leave to Amend/Motion for Reconsideration

In her motion for reconsideration, Coulter requested permission to file a Second Amended Complaint. Because Coulter's allegations do not state a claim and she had the opportunity to amend her complaint and respond to Appellees' motions to dismiss, she was not prejudiced by not being given yet another opportunity to amend her complaint.[3] Moreover, given the basis of the state court's decision, Coulter cannot show that Appellees' actions were the basis for the termination of her parental rights, and any amendment to the complaint would have been futile. See Phillips v. Cnty. of Allegheny,

---

[3] In their motion to dismiss, Appellees argued that Coulter failed to explain how providing information to a mental health evaluator violated her due process rights. In response, Coulter reiterated her generalized allegations of misleading information to the unnamed evaluator. She contended that Appellees gave the evaluator documents which contained false allegations of actions by Coulter which were recanted by her daughter. In her amended complaint, she again failed to assert any specific factual allegations that would entitle her to relief.

515 F.3d 224, 245 (3d Cir. 2008). The District Court did not err in denying Coulter's motion for reconsideration.

Conclusion

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.