**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2950
_____

JEAN COULTER,
                                        Appellant

v.

CATHY BISSOON, District Judge;
THEODORE A. MCKEE, Third Circuit Judge;
ANTHONY J. SCIRICA, Third Circuit Judge;
THOMAS MICHAEL HARDIMAN, Third Circuit Judge;
JOSEPH A. GREENAWAY, JR., Third Circuit Judge;
JULIO M. FUENTES, Third Circuit Judge;
THOMAS IGNATIUS VANASKIE, Third Circuit Judge;
MARIE MILIE JONES; JOY FLOWERS CONTI, District
Judge; UNKNOWN EMPLOYEE IN THE CLERK'S OFFICE;
RICHARD G. ANDREWS, District Judge
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-16-cv-01881)
District Judge: Richard G. Andrews
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
April 12, 2018

Before:   BIBAS, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 13, 2018)
_____

OPINION*
_____

PER CURIAM

Jean Coulter appeals from an order of the District Court striking and dismissing her amended complaint. For the reasons that follow, we will summarily affirm.

Coulter has filed a series of unsuccessful federal civil rights complaints against the persons involved in the termination of her parental rights in state court and her criminal prosecution in state court. See generally Coulter v. Doerr, 486 F. App'x 227 (3d Cir. 2012); Coulter v. Ramsden, 510 F. App'x 100 (3d Cir. 2013); Coulter v. Butler Cty. Children & Youth Serv., 512 F. App'x 145 (3d Cir. 2013); Coulter v. Studeny, 522 F. App'x 147 (3d Cir. 2013); and Coulter v. Forrest, 606 F. App'x 634 (3d Cir. 2015).

On December 18, 2012, United States District Judge Cathy Bissoon determined Coulter to be a vexatious litigant and enjoined her "from filing any additional civil actions related to or arising from the state court proceedings involving her criminal conviction for assaulting her minor child, and/or subsequent termination of her parental rights," see Coulter v. Ramsden, D.C. Civ. No. 12-cv-01050, and Coulter v. Mahood, D.C. Civ. No. 12-cv-01241. Coulter appealed and we summarily affirmed the District Court's orders. In a 2015 appeal, we noted that Coulter "had the opportunity to challenge [the vexatious litigant] order in earlier appeals, and in each appeal, we summarily affirmed the District Court's judgment." Coulter v. Lindsay, 622 F. App'x 187, 188 n.2 (3d Cir. 2015).

The instant appeal concerns another civil rights action filed by Coulter in the United States District Court for the Western District of Pennsylvania. In this most recent

action, Coulter sued various district and circuit court judges, all of whom were involved in issuing rulings in one or more of her prior civil rights actions involving the termination of her parental rights and her criminal prosecution in state court. Coulter also sued Marie Milie Jones, an attorney for some of the defendants in the cases that led to the vexatious litigant injunction against Coulter. District Judge Richard G. Andrews of the United States District Court for the District of Delaware was designated and assigned to preside over the case pursuant to 28 U.S.C. § 292(b). Coulter was ordered to show cause why her case should not be dismissed. Coulter then filed a response to the show cause order, alleging that the new action was not related to the termination of her parental rights and her criminal prosecution, and an amended complaint, in which she added Judge Andrews as a defendant.

In an order entered on July 5, 2017, the District Court determined that Coulter's amended complaint was indeed related to the termination of her parental rights and her criminal prosecution and should be stricken and dismissed. The District Court noted that the amended complaint alleged, among other things, that Judge Bissoon's vexatious litigant injunction was forbidden because it meant that her (Coulter's) cases were not randomly assigned; that attorney Jones filed a "Sealed Adoption Record" in federal court without notifying the Clerk's Office that the record was sealed by the state courts; all of the judicial defendants violated the Code of Judicial Conduct in connection with Judge Bissoon's injunction and attorney Jones' alleged misconduct; and Judge Bissoon released to the public information from the sealed adoption record. The District Court reasoned that the allegations against the judges, including Judge Bissoon, flowed directly from the

3

litigation about the earlier state court proceedings and thus were plainly covered by the vexatious litigant injunction. In regard to attorney Jones, the document that Jones allegedly wrongfully disclosed was the state court's memorandum opinion terminating Coulter's parental rights. As found by the District Court, this memorandum opinion was at the heart of the state proceedings and many of the prior federal proceedings challenging the handling of the state proceedings, see, e.g., Coulter v. Doerr, 486 F. App'x 227. Thus, the allegations in the amended complaint against attorney Jones also were "related to" the state court proceedings and covered by the vexatious litigant injunction.

In the alternative, the District Court concluded that, even if the amended complaint were not struck, it would still fail under Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6). The Court reasoned, in pertinent part, that the judicial defendants were absolutely immunized from suit, see Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam), and that, with respect to the allegations against attorney Jones, Coulter was attempting, improperly, to relitigate a matter that had already been decided adversely to her in the prior cases. Moreover, Jones, an attorney in private practice, did not appear to be a state actor under 42 U.S.C. § 1983.

Coulter appeals. The appellees have filed motions for summary affirmance, which Coulter opposes. Coulter has filed a motion to change venue, and motions to recuse Chief Circuit Judge D. Brooks Smith and Circuit Judges Theodore A. McKee, Thomas L. Ambro, Michael A. Chagares, Kent A. Jordan, Thomas M. Hardiman, Joseph A.

4

Greenaway, Jr., Thomas I. Vanaskie, Patty Shwartz, Cheryl Ann Krause, L. Felipe Restrepo, Anthony J. Scirica, Robert E. Cowen, Jane R. Roth, and Julio M. Fuentes.

We will grant the appellees' motions and summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. "[T]his Court has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S. Dist. Court for the Middle Dist. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987)); In re: Oliver, 682 F.2d 443 (3d Cir. 1982)). Having reviewed the record and the submissions on appeal, we conclude that the District Court correctly held that Coulter's amended complaint was barred in its entirety by Judge Bissoon's vexatious litigant order enjoining her from filing any more civil rights complaints against the persons involved in the termination of her parental rights and her criminal prosecution.

For the foregoing reasons, we will summarily affirm the order of the District Court striking and dismissing Coulter's amended complaint. Coulter's motion to change venue and ten motions to recuse are denied as moot because none of the judges she names in her motions has participated in this appeal.